**Opinion issued July 9, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-12-00904-CR

———————————

**DEVIN SHAVONTE ROPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1285734**

---

### MEMORANDUM OPINION

Appellant, Devin Shavonte Roper, pleaded guilty, without an agreed recommendation from the State, to the offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). The trial court found sufficient evidence to find appellant guilty, but deferred making any finding regarding

appellant's guilt and placed appellant on community supervision for a period of six years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2012). The State then filed a motion to adjudicate appellant's guilt. *See id.* §§ 5(b), 21(e). Although appellant pleaded not true to two of the alleged violations of the terms of his community supervision and to the allegations that he failed to report to the community supervision department on four dates, he also pleaded true to failing to report on other dates and to the entirety of ten alleged violations. After a hearing, the trial court found one alleged violation not true and thirteen alleged violations true, adjudicated appellant guilty, and sentenced appellant to six years in prison. *See id.* §§ 5(b), 21(b), 23. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant

2

reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).  We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]  Attorney Melissa Martin must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

3

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Do not publish.   TEX. R. APP. P. 47.2(b).